IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JIMMY LEON ALLEN,
    Plaintiff,

vs.                                    5:08cv103/RS/MD

LT. DENNIS SPEIGHT
    Defendant.

---

ORDER and
REPORT AND RECOMMENDATION

      This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court upon referral from the clerk.  Plaintiff filed a civil rights complaint (doc. 1) and motion for leave to proceed *in forma pauperis* (doc. 2) on April 11, 2008.  Leave to so proceed was granted, an initial partial filing fee of $1.33 was assessed. (Doc. 3). This sum has not been paid although the deadline for doing so has passed.   The court issued an order to show cause why the case should not be dismissed for non-payment of the initial partial filing fee (doc. 4), but plaintiff did not respond.  Instead, he filed a motion to appoint counsel (doc. 5) which was denied (doc. 6) and a letter to the magistrate judge which was returned to him as deficient.  (Doc. 7).  Most recently he has filed, without explanation, what appears to be two pages that should have been filed as part of his initial complaint form (the statement of facts and relief requested from the court complaint form) and a copy of the court's order denying his request for appointment of counsel.  These items were referred to the undersigned for review as they appear to be deficient pleadings.  After review of the record,  the court concludes that the deficient/incomplete submission should

be returned to plaintiff and further that his case is subject to dismissal both for his failure to pay the initial partial filing fee and because his complaint fails to state a claim.

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff.  *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).  Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46, 78 S.Ct. 99.))  Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.  *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)).  Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted.  *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff alleges that his civil rights were violated when defendant Lt. Dennis Speight of the Chipley Police Department listed a "defamatory" alias of plaintiff's in a warrant application Speight filed for plaintiff's arrest.  As relief, plaintiff seeks $250,000 in mental

and emotional damages, and removal of reference to the offending nickname, "Fagboy," from police records.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), <u>overruled on other grounds</u> *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*). "Defamation" is a cause of action under state law, not federal law, and thus is not actionable under § 1983. See, e.g. *Cole v. Gray*, 638 F.2d 804 (5th Cir. 1981). Because plaintiff's complaint as clarified through the additional deficient submissions fails to state a federal cause of action, it is subject to dismissal. In the alternative, it would be subject to dismissal for plaintiff's failure to comply with an order of the court in that he failed to timely pay the initial partial filing fee or respond to the court's order to show cause.

Accordingly it is ORDERED:

The "Statement of Facts" etc. received by the clerk on June 26, 2008 shall be returned to the plaintiff without docketing.

And, it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 30th day of June, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 5:08cv103/RS/MD*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).